# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| ) | **No. 03-20003-CM-10** |
| ) | **Appeal No. 04-3431-CM** |
| **DENEDRA A. HUSKEY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On January 9, 2003, defendant Denedra A. Huskey was charged in the United States District Court for the District of Kansas with seven counts of a nine-count indictment: Count One - conspiracy to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii); Counts Three and Four - maintaining a residence for the purpose of distributing cocaine base and aiding and abetting in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2; Count Five - possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2; and Counts Six, Seven and Nine - possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a) and (b)(1)(A)(iii), and 18 U.S.C. § 2. On June 16, 2003, defendant entered into a plea agreement with the United States and pleaded guilty to Count One of the indictment. The plea agreement included a statement that defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence," including her right to file a motion under 28 U.S.C. § 2255.

Defendant was sentenced to 120 months imprisonment on September 30, 2003. On November

22, 2004, defendant filed a *pro se* Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 349).[1] Defendant claims that the government breached the plea agreement, that her counsel was ineffective, and that the sentence imposed by the court was in reliance on inaccurate and incomplete information.

Defendant requests an evidentiary hearing on her motion, but the court finds a hearing unnecessary because, even taking defendant's allegations as true, she fails to state a claim for relief.

### I. *Blakely v. Washington*

Without making any specific arguments, defendant's motion states that she would like to put *Blakely v. Washington*, 542 U.S. 296 (2004), "in preserve." The Supreme Court issued *Blakely* in 2004. The court entered judgment in this case in 2003. Because *Blakely* does not apply retroactively, *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005), defendant is not entitled to relief.

### II. **Breach of the Plea Agreement**

Defendant contends that "the government agreed to file a 'substantial assistance' motion pursuant to U.S.S.G. § 5k1.1 and 18 U.S.C. § 3553(e)." Defendant argues that she was interviewed by authorities on two occasions, and that the government's failure to file a 5K1.1 motion is unconstitutional. The government failed to respond to defendant's argument on this point.

Defendant's plea states:

---

[1] There is a one-year statute of limitation on filing § 2255 motions. 28 U.S.C. § 2255. In this case, the limitation began to run no later than September 30, 2003, the date defendant was sentenced. *Id.* More than one year passed from the date defendant was sentenced to the date defendant filed her § 2255 motion. The government did not oppose defendant's motion on this ground. Although the court believes defendant's motion is untimely, out of abundance of caution, the court will review the merits of defendant's motion.

> The defendant acknowledges that substantial assistance has not yet been provided by the defendant within the meaning of U.S.S.G. § 5K1.1 and Title 18, United States Code § 3553(e). Upon the determination by the United States the defendant has provided substantial assistance, the United States shall request that the Court consider reducing the sentence the defendant would otherwise receive under the applicable statutes and/or sentencing guidelines pursuant to Title 18, U.S.C. § 3553(e), Title 28, U.S.C. § 994(n), and U.S.S.G. § 5K1.1

During defendant's change of plea hearing, the government stated:

> [The defendant] also agrees to provide information concerning her knowledge of and participation in the offenses that have been charged in the indictment, and she agrees to fully complete - and completely assist the United States with the identification and recovery of forfeitable assets related to this organization. If she does that and if she does provide substantial assistance, the government has agreed to recommend a reduction pursuant to 18 U.S.C. 3553 E and Section 5(k)1.1 for her substantial assistance, should that ultimately be provided.

The undersigned judge subsequently asked: "In the agreement, the government agrees to make certain recommendations to the court but I want you to understand those are merely recommendations, and that the final determination on any of those will be made by the court. Do you understand that?" Defendant answered "yes." The undersigned judge next asked: "And so, if the court for some reason should not go along with the recommendations made by the government, you understand that you would not have the right to withdraw your plea of guilty then?" Defendant answered "yes."

      Thus, although defendant's plea agreement gives the government the *option* of recommending a 5K1.1 reduction for substantial assistance, defendant does not offer, nor does the record contain, any evidence that the government unconditionally *promised* defendant such a reduction. Moreover, when asked at her change of plea hearing whether she understood that any recommendations made by the government were only recommendations, and that the court was not bound by them, defendant responded

that she did. For these reasons, the court denies defendant's motion on this point. *See United States v. Nichols*, 18 Fed. Appx. 770, 772 n.1 (10th Cir. 2001) (holding that the government did not promise the defendant a Rule 35 motion when the defendant's plea agreement stated that a 5K1.1 reduction "*may be appropriate*") (emphasis in original); *United States v. Norred*, 9 Fed. Appx. 916, 918 (10th Cir. 2001) (upholding the district court's ruling when "the record belied [the defendant's] claim the government violated the plea agreement by failing to move for a downward departure [for substantial assistance under 5K1.1]); *United States v. Walton*, 9 Fed. Appx. 803, 805 (10th Cir. 2001) (upholding the district court's ruling denying the defendant's § 2255 motion when the defendant "presented no evidence to counter the evidence that he knew the discretionary nature of a [section 5K1.1] downward departure, or to counter his statement at his plea colloquy that he was not relying on a promise or prediction of sentence in pleading guilty").

### III. Ineffective Assistance of Counsel

Defendant contends that her attorney "should have asked for me to plead to aiding and abetting instead of conspiracy," as defendant believes the aiding and abetting charge would have resulted in a lower sentence. Defendant contends that her attorney should have advocated more strongly for a substantial assistance reduction because she was the only co-defendant to give authorities "two debriefed statements." Defendant also alleges that her attorney "had me under the impression that I was only going to get five years."

Even where a defendant waived her post-conviction rights, she may file a habeas petition under 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel which "pertains to the validity of the plea." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). In determining whether a habeas

petitioner's trial counsel acted ineffectively, the court applies the general ineffective assistance of counsel standard identified by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner must satisfy a two-part test in order to prevail on an ineffective assistance of counsel claim. First, she must demonstrate that her attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. The court gives considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Second, a habeas petitioner must show that the trial counsel's deficient performance prejudiced her, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In the context of a challenge to a guilty plea, a defendant must show that had it not been for the unsatisfactory advice of her counsel, she would not have entered a guilty plea to the charges. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of the trial.

*Id.* at 59. A defendant's "mere allegation" that she would have insisted on trial but for her counsel's errors is insufficient to entitle her to relief. *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001) (quoting *United States v. Gordon*, 4 F.3d 1567, 1571 (10th Cir. 1993)). The court looks to the factual

circumstances surrounding the plea to determine whether a defendant would not have entered a guilty plea. *Id.* (citations omitted).

As an initial matter, the court notes that the factual circumstances surrounding the plea include admissions that defendant did not have any complaints about the way her attorney had represented her and that it was her own decision to plead guilty. These statements serve as compelling evidence that defendant voluntarily and knowingly entered a plea. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (explaining that the court looks to an informed plea colloquy for evidence that defendant knowingly and voluntarily entered into agreement).

Defendant asserts that her attorney did not advocate as strongly on her behalf has he could or should have. However, defendant made no effort to demonstrate that her attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. Moreover, defendant has made no allegations that she would not have pleaded guilty had her representation been different. *Id.* at 694.

Defendant also contends that her attorney gave her the impression that she would receive a five year sentence, rather than the ten year sentence she did receive. The plea agreement itself informed defendant of some of the consequences of her guilty plea. During the change of plea hearing, the court took great care in advising defendant of what she could expect from her guilty plea. The court examined both defendant and her counsel about their knowledge and understanding of the plea agreement:

> THE COURT: Miss Berger, on behalf of the government, would you recite the plea agreement for the record?
> MS. BERGER: Yes, Your Honor. . . . [The government read the plea agreement]
> 
>                         . . . .

THE COURT:  Other than the plea agreement that we've just gone over here in court, has anyone made any sort of promise to you in order for you to plead guilty?
THE DEFENDANT:  No.
THE COURT:  Has anyone forced or threatened you in order for you to plead guilty?
THE DEFENDANT:  No.
THE COURT:  Are you telling the court that you're pleading guilty freely and voluntarily and of your own free will?
THE DEFENDANT:  Yes.
THE COURT:  Are you telling the court that the only reason that you're pleading guilty to this crime is because you are in fact guilty of the offense charged?
THE DEFENDANT:  Yes.
THE COURT:  Have you gone over with your attorney a petition to enter a plea of guilty?
THE DEFENDANT:  Yes.
THE COURT:  Has he explained to you what's contained in that petition?
THE DEFENDANT:  Yes.
THE COURT:  As well as the consequences of you signing that petition?
THE DEFENDANT:  Yes.
THE COURT:  Miss Huskey, do you have any questions about any of the matters covered in that petition?
THE DEFENDANT:  No.
THE COURT:  You understand the answers that you make to the questions in that petition as well as the ones that you're giving the court today are all being made under oath?
THE DEFENDANT:  Yes.
THE COURT:  Mr. Schweiker, is it your statement to the court that you've gone over the plea petition with your client, explained to her the contents of the petition as well as the consequences of her signing that petition?
MR. SCHWEIKER: Yes, Your Honor.

. . . .

THE COURT:  Miss Huskey, have you had a full and ample opportunity to speak with Mr. Schweiker regarding this charge against you?
THE DEFENDANT:  Yes.
THE COURT:  And after going over the matter thoroughly with your attorney and learning the evidence against you, have you decided that what you want to do is plead guilty?
THE DEFENDANT:  Yes.

-7-

> THE COURT:  Is the decision to plead guilty your decision or your attorney's?
> THE DEFENDANT:  Mine.
> THE COURT: Are you satisfied with the advice and services of your attorney?
> THE DEFENDANT: Yes.
> THE COURT:  Do you have any complaints about the way he's represented you?
> THE DEFENDANT:  No.
>
> . . . .
>
> THE COURT: By pleading guilty, there's certain maximum penalties and punishments you could receive; need to make sure you understand what they are.  Do you understand that you could receive a term of imprisonment of not less than 10 years nor more than life imprisonment?
> THE DEFENDANT:  Yes.

Moreover, paragraph one of the plea agreement states: "The defendant understands that the maximum sentence which may be imposed as to Count 1 of the indictment to which the defendant has agreed to plead guilty is not less than 10 years imprisonment nor more than life incarceration . . . ."  The court finds that the plea agreement and plea colloquy put defendant on sufficient notice that defendant would be sentenced to at least ten years.

Finally, defendant argues that she "would have received a lower sentence had her cousel [sic] objected to the Court's misapplication of the guideline and to the amount of drugs attributed to her."  In fact, defendant's counsel made four objections to defendant's PSI, including an objection that because defendant was not a major party to the crack distribution conspiracy, the cocaine base attributed to defendant should be less than that listed in her PSI.  Although the court denied each of defendant's sentencing objections, the court finds that defendant has failed to establish either prejudice, or that her attorney's performance fell below an objective standard of reasonableness.  For these reasons, the court

denies defendant's motion.

**IT IS THEREFORE ORDERED** that the Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 349) is denied.

Dated this 7th day of April 2006, at Kansas City, Kansas.

                                              **s/ Carlos Murguia**
                                              **CARLOS MURGUIA**
                                              **United States District Judge**